997 A.2d 227

MARK LEWIS, ET AL., PLAINTIFFS–MOVANTS, v. GWENDOLYN L. HARRIS, ETC., ET AL., DEFENDANTS–RESPONDENTS.

July 26, 2010.

## ORDER

This matter having been opened to the Court by plaintiffs' motion for an order in aid of litigant's rights, *Rule* 1:10–3, and the Court having considered the application, together with the briefs and exhibits filed in support thereof, and for good cause shown, it is hereby ORDERED:

This matter cannot be decided without the development of an appropriate trial-like record. Plaintiffs' motion is therefore denied without prejudice to plaintiffs filing an action in Superior Court and seeking to create a record there. We reach no conclusion on the merits of plaintiffs' allegations regarding the constitutionality of the Civil Union Act, *N.J.S.A.* 37:1–28 to –36.

Justices LONG, LaVECCHIA, and ALBIN, dissenting.

Plaintiffs are six committed same-sex couples who have filed a motion in aid of litigants' rights claiming that almost four years after *Lewis v. Harris*, 188 *N.J.* 415, 908 *A.2d* 196 (2006), and three-and-one-half years after passage of the Civil Union Act, *N.J.S.A.* 37:1–28 to –36, they still are denied the "full rights and benefits enjoyed by heterosexual married couples" mandated by the equal-protection guarantee of Article I, Paragraph 1 of the New Jersey Constitution. In their papers, plaintiffs detail a host of workplace, public accommodation, family law, economic, and various other "rights and benefits" that, they allege, are not afforded to them despite the Civil Union Act and the command in *Lewis.*

In addition to certifications by the parties, plaintiffs cite to the report of the Civil Union Review Commission, *N.J.S.A.* 37:1–36, a body established by the Legislature as part of the Civil Union Act to evaluate the Act's success, which concluded that civil unions have failed to deliver the mandate of equality guaranteed by Article I, Paragraph 1. However, plaintiffs' record has not been tested in the crucible of a litigated matter. Thus, we realize that we do not have a sufficient basis for debating the merits of the application, which raises a matter of general public importance and one of constitutional significance.

The next step should be the development of a record on which those important issues can be resolved quickly. At the very least, oral argument would have helped to guide us on the best procedural course for creating such a record.

We are disappointed that three members of the Court have voted to deny the motion without oral argument and that plaintiffs must now begin anew and file a complaint in the Superior Court seeking the relief to which they claim they are entitled. If plaintiffs' allegations are true—and we will not surmise whether they are or are not—then the constitutional inequities should be addressed without any unnecessary delay. Therefore, we would hope that the proceedings in the Superior Court will be conducted with all deliberate speed.

Chief Justice RABNER and Justices RIVERA–SOTO and HOENS join in the Court's Order. Justices LONG, LaVECCHIA and ALBIN dissent.